IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| V.I. DERIVATIVES, LLC, BY VIFX, LLC, | : | |
| Its TAX MATTERS PARTNER, by | : | CIVIL ACTION |
| RICHARD G. VENTO, its TAX MATTERS | : | |
| PARTNER | : | NO. 06-04 |
| | : | |
| v. | : | |
| | : | |
| DIRECTOR, VIRGIN ISLANDS BUREAU OF | : | |
| INTERNAL REVENUE | : | |

_____

| | | |
|---|---|---|
| VIFX, LLC, by RICHARD G. VENTO, its | : | |
| TAX MATTERS PARTNER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-05 |
| | : | |
| DIRECTOR, VIRGIN ISLANDS BUREAU OF | : | |
| INTERNAL REVENUE | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                      **September 29, 2022**


Respondent Virgin Islands Bureau of Internal Revenue (VIBIR) moves for summary judgment in the above-captioned cases in which VIFX, LLC and V.I. Derivatives, LLC challenge the Notices of Final Partnership Administrative Adjustment (FPAAs) issued by the VIBIR in 2005. Those FPAAs disallowed certain tax exemptions claimed by V.I. Derivatives and VIFX for the 2001 tax year and imposed certain penalties. Specifically, the VIBIR seeks entry of a judgment sustaining its determinations in the challenged Notices. For the reasons which follow, the motions shall be granted.

**CASE HISTORY**[1]

These cases are part of a long-ago-filed series of tax disputes[2] involving members of limited liability and partnership entities belonging to and affiliated with the Vento family.  These actions all arise out of the January 2001 sale of Objective Systems Integrators, Inc. (OSI), a technology company co-founded by Richard Vento.  The sale resulted in the realization of some $180 million in capital gains by Vento, his wife, his three daughters and multiple Vento-controlled entities.

After consulting with numerous financial, tax and estate planners, the Ventos pursued a number of different strategies to minimize the taxes due as a result of the sale.  They purchased a large residential property on St. Thomas, known as "Estate Frydendahl" in August 2001 in an effort to establish residency in the Virgin Islands and thereby reduce their expected tax liability by more than $9 million.[3]  In the same month as their Virgin Islands real estate purchase, the Ventos engaged in a $75 million market linked deposit ("MLD") transaction[4] in the hope of realizing their

---

[1]  Most of the facts recited herein are taken from the Statements of Undisputed Material Facts in Support of VIBIR's Motion for Summary Judgment in Case No. 06-cv-05, ECF No. 163 (cited hereinafter as "VIBIR Statement"), and Case No. 06-cv-12, ECF No. 153 (cited hereinafter as "IRS Statement").  Under Local Rule of Civil Procedure 56.1(d), the "[f]ailure to respond to a movant's statement of facts or a respondent's statement of additional facts, as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment."  Inasmuch as the LLCs did not file responses to the Statements of Undisputed Material Facts in either the VIBIR or the IRS cases, and did not otherwise contest the accuracy or validity of the facts recited therein, those facts are taken as true for purposes of the summary judgment motions at issue.

[2]  *See* Case Nos. 06-cv-00003, 0004, 0005, 0006, 0007, 0008, 0009, 0012, and 0013.

[3]  All of the members of the Vento family—Richard, his wife Lana and each of their three daughters, Nicole Mollison, Gail Vento and Renee Vento filed their income tax returns with the VIBIR for 2001.

[4]  Through acquaintances, Gary Hatch, one of the tax experts the Ventos consulted, introduced the Ventos to members of Cantley & Sedaca, LLP, a now-defunct law firm, which had "become

objective of avoiding "capital gains for the remainder of the year."  VIBIR Statement ¶¶ 36, 57.

An integral part of this transaction was the creation of a separate entity to hold the long and short

MLD positions, and V.I. Derivatives was formed as a limited liability company under the laws of

the U.S. Virgin Islands on August 13, 2001 for this purpose.  IRS Statement, ¶¶ 168-173.  VIFX,

LLC was formed as a Virgin Islands LLC on the same day as V.I. Derivatives, and on August 24,

2001, following contribution by the Vento family LLCs of their "Class A" units in V.I. Derivatives,

VIFX, LLC became the owner of 99% of V.I. Derivatives.  *Id.* ¶¶ 114, 169, 177-180.  VIFX was

designated the Tax Matters Partner for V.I. Derivatives and Richard Vento was named the Tax

Matters Partner of VIFX.  VIBIR Statement, ¶ 115.  In 2002, the five U.S.-based Vento family

LLCs[5] were merged into VIFX, LLC.  *Id.* ¶¶ 114-115.  On October 15, 2002, V.I. Derivatives,

LLC and VIFX, LLC filed Form 1065 Partnership Tax Returns with the VIBIR for the 2001 tax

year.  VIBIR Statement, ¶ 113.  The items of gain and loss shown on the returns filed by the LLCs

were passed through to their partners, the Vento family members.  *Id.* ¶ 117.  Hence the net result

of the MLD transactions was that the Vento family members created a paper loss which they

claimed to offset their gains from the sale of the OSI stock.  *Id.*

---

involved with creating and structuring the tax-motivated transaction known as the 'Market Linked
Deposit Transaction' or 'MLD'" in early to mid-2001.  VIBIR Statement, ¶¶ 50-52.

[5]  The Vento family LLCs were (1) Gail Vento, LLC, (2) Nicole Vento, LLC, and (3) Renee Vento,
LLC, each of which owned 1,584,157 shares of OSI stock, and (4) DTDV, LLC and (5) DTLV,
LLC, which each owned 2,500,000 shares of OSI stock before the company was sold.  VIBIR
Statement, ¶¶ 5-10.  Richard and Lana Vento each had a 0.5% ownership interest in Gail Vento,
LLC, Nicole Vento, LLC and Renee Vento, LLC, and the remaining 99% ownership was held by
the daughter for whom each LLC was named.  All three of these LLCs were managed by Richard
Vento.  Lana and Richard Vento were each 50% owners of DTDV LLC and DTLC LLC, and both
Richard and Lana Vento managed these LLCs.  *Id.*

However, in September 2000, nearly one year before the Ventos entered into their MLD transaction, the Internal Revenue Service published Notice 2000-44 entitled "Tax Avoidance Using Artificially High Basis." In that Notice, the IRS stated that losses from transactions known as "Son of BOSS tax shelters"[6] would be disallowed. *Id.* ¶¶ 61-65. An MLD transaction[7] is considered to be a Son of BOSS tax shelter. *Id.* ¶ 67. In 2005, both the VIBIR and the U.S. Internal Revenue Service (IRS), issued Notices of Deficiency (otherwise known as Notices of Final Partnership Administrative Adjustments (FPAAs)) to the Ventos in which both taxing authorities disallowed the MLD transaction and proposed four alternative penalties under Code § 6662.[8] Upon receipt of these notices, each of the Ventos filed a petition challenging the FPAAs and disputing the IRS's claim that they were obligated to pay taxes to it. The cases were consolidated and in June 2010, this Court held a bench trial limited to the issue of whether the Ventos were bona fide Virgin Islands residents for the 2001 tax year. On February 18, 2011, this Court issued a decision finding none of the Ventos were residents of the Virgin Islands. *See, V.I.*

---

[6] In general, a Son of BOSS transaction involves the contribution of a purchased [long] option to a partnership and the assumption by the partnership of a separate written [short] option which the taxpayer incurred. A taxpayer engaged in a Son of BOSS transaction claims that the basis in the taxpayer's partnership interest is increased by the cost of the purchased call option but is not reduced under Internal Revenue Code § 752 for the assumption of the obligation under the written call option. Subsequently, the taxpayer claims a loss on the disposition of the partnership interest even though the taxpayer has incurred no corresponding economic loss. VIBIR Statement, ¶¶ 64, 67 (citing Chief Counsel Notice CC-2003-020, 2003 WL 24016805 (June 25, 2003)).

[7] "The tax theory behind the MLD transaction was that because the long position created basis in the entity and the short position arguably did not reduce basis in the entity, the artificially inflated basis could be used to generate loss or offset gain, in order to reduce taxable income." *Id.* (citing Dep. of Beckett Gordon Cantley, 8/17/11, 22-23).

[8] Pursuant to the statutory scheme known as the "mirror code," the Internal Revenue Code is applied to the Virgin Islands merely by substituting "Virgin Islands" for "United States" throughout. *Vento*, 715 F.3d at 465 (citing, *inter alia,* 48 U.S.C. § 1397; *Bizcap v. Olive*, 892 F.2d 1163, 1165 (3d Cir. 1989)).

4

*Derivatives, LLC v. United States*, 2011 U.S. Dist. LEXIS 16795 (E.D. Pa. Feb. 18, 2011).  The

Ventos and the VIBIR appealed to the Third Circuit which affirmed in part and reversed in part,

finding that while Nicole, Gail and Renee were not bona fide residents of the Virgin Islands,

Richard and Lana were.  *Vento,* 715 F.3d 455.

In the instant motions for summary judgment, the VIBIR asserts judgment should now be

entered in its favor and against VIFX and V.I. Derivatives sustaining its determinations in the

FPAAs.  VIBIR further claims the penalties assessed under IRC § 6662 must be sustained because

there is no genuine dispute as to any material fact and the Petitioner LLCs have no cognizable

defense to the penalties.  The VIBIR points out that in their companion cases against the IRS, (*V.I.*

*Derivatives, LLC v. United States,* No. 06-cv-0012 and *VIFX, LLC v. United States*, No. 06-cv-

0013), V.I. Derivatives and VIFX conceded the MLD transactions lacked economic substance,

and agreed that the Court should uphold the disallowance of the tax benefits resulting from the

transactions.  *See* Case No. 06-cv-0012, ECF No. 155.  This Court therefore granted the IRS's

Motion for Partial Summary Judgment and entered a Final Judgment in those cases holding "the

United States [was] entitled to judgment as a matter of law on the merits of the MLD transactions,"

and "except as to the penalties determined in ¶ 10 of the FPAA issued to V.I. Derivatives, LLC

and ¶ 12 of the FPAA issued to VIFX, LLC, the determinations made in the FPAAs issued to V.I.

Derivatives, LLC and VIFX, LLC are sustained in full."  Case No. 06-cv-0012, ECF No. 158.  The

IRS did not pursue recovery of the penalties determined in the FPAAs to apply to V.I. Derivatives

and VIFX because the partners of those LLCs did not file income tax returns with the IRS – they

filed with the VIBIR.  Hence, "the IRS had no basis to assess or collect the penalties from those

partners."  VIBIR's Mem. of Law in Supp. of Mot. for Summ. J. 6, ECF No. 162.   The VIBIR

argues the Petitioners are now collaterally estopped from arguing the merits of the MLD transactions and the penalties previously assessed against them should be upheld.

In response, the Petitioner LLCs claim the VIBIR's motions should be denied and the VIBIR should be precluded from now seeking the entry of judgments in its favor because these cases are effectively closed and have been finally resolved since September 10, 2013, 90 days after entry of the Certified Judgment of the Court of Appeals affirming in part and reversing in part this Court's decision on the bona fide residency issue. According to the LLCs, the finding of finality was made by both this Court and the Third Circuit in rejecting their later-filed motions to dismiss for lack of subject matter jurisdiction. They further assert the VIBIR has failed to satisfy the pre-requisites of Federal Rule of Civil Procedure 60(b), providing grounds for relief from a final judgment, order or proceeding, and for this reason also the summary judgment motion should be denied.

**LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 56(a),

A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

In considering a motion for summary judgment, a reviewing court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Burton v. Teleflex, Inc.*, 707 F.3d 417, 425 (3d Cir. 2013); *Roth v. Norfalco, LLC,* 651 F.3d 367, 373 (3d Cir. 2011). "The moving party bears the burden of demonstrating that there is no genuine issue of material fact and that judgment as a matter of law is appropriate." *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020). An issue of fact is material and genuine if it "affects the outcome

of the suit under the governing law and could lead a reasonable jury to return a verdict in favor of the nonmoving party." *Willis v. UPMC Children's Hospital of Pittsburgh,* 808 F.3d 638, 643 (3d Cir. 2015). Reviewing the record as a whole, the Court is to draw all reasonable inferences in favor of the non-movant, but may not weigh the evidence or make any credibility determinations. *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016).

**DISCUSSION**

The VIBIR relies upon the principle of collateral estoppel to justify its motions for summary judgment. Specifically, it submits the LLCs are now precluded from re-litigating the issue of whether the MLD transaction was legitimate because they admitted it was not in the parallel cases involving the IRS. Without disputing the applicability of collateral estoppel, the LLCs instead rejoin that the VIBIR is barred from litigating the merits of the petitions they filed challenging the VIBIR's FPAA's because (1) the decision on the Ventos' residency became final in 2013, and (2) the motion is inexcusably dilatory and should be denied under the doctrine of laches.

Ordinarily a decision is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cty.,* 527 U.S. 198, 204 (1999) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988)); *Dotzel v. Ashbridge*, 438 F.3d 320, 323 (3d Cir. 2006). A final decision will thus fully resolve all the claims presented to the district court. *In re Grand Jury*, 705 F.3d 133, 142 (3d Cir. 2012). "In general, 'a final decision is one by which a district court dissociates itself from a case.'" *H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch.*, 873 F.3d 406, 411 (3d Cir. 2017) (quoting *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902 (2015)).

That is *not* what happened here. The LLCs' reliance on the finality of the Third Circuit's residency decision and the denial of their motion to dismiss for lack of subject matter jurisdiction on the basis of res judicata is unavailing.  In its decision on the residency issue, the Court of Appeals expressly found this Court had jurisdiction over the LLCs' actions challenging the FPAAs under 48 U.S.C. § 1612(a).  *Vento*, 715 F.3d at 460.  The Third Circuit's opinion affirming and upholding the finding that the LLCs' after-the-fact challenge to subject matter jurisdiction was precluded by res judicata is also instructive:

> Indeed, because residency was the only issue challenged on appeal by the LLCs and residency was fully resolved in the Vento Residency Decision, what remained was simply the administrative task, presumably to be handled by the IRS and VIBIR, of calculating the LLCs' respective tax assessments consistent with the Vento Residency Decision.

*V.I. Derivatives, LLC v. United States*, 671 F. App'x 839, 842 n.6 (3d Cir. 2016) ("A decision should be considered final 'if only a ministerial task remains for the district court to perform,' such as a 'mechanical and uncontroversial' calculation of damages." (quoting *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 200, n.8 (3d Cir. 2004)).  Due to the competing claims of the IRS and the VIBIR, it was necessary to first determine where the various members of the Vento family resided in order to ascertain whether taxes should have been paid to either or both taxing authorities.  Only then could the matters of how much was owed and whether the tax benefits claimed as a result of the MLD were correctly disallowed be resolved.  Although the record is clear that the *IRS cases* have now been finally resolved, the instant cases concerning the payments due and owing to the VIBIR from the surviving Vento-controlled LLCs have not as it has now been established that their residency is in the Virgin Islands.[9]  Hence, the effect of this Court's

---

[9]  As the Third Circuit observed in its decision on the Ventos' residencies, limited liability corporations are "pass-through entities," and as such, do not have residencies separate from their

March 30, 2015 Order and the Third Circuit's October 21, 2016 opinion affirming it is to render only the litigated matters of residency and subject matter jurisdiction final.  There has yet to be a final decision entered on the merits of the LLCs' Petitions and consequently, there is no need for the VIBIR to satisfy Rule 60(b).

The Court finds no merit to the LLCs' laches argument either.  Laches is a defense which is "based upon the 'maxim' that equity aids the diligent and not those who slumber on their rights." *Kansas v. Colorado*, 514 U.S. 673, 687 (1995) (quoting BLACK'S LAW DICTIONARY 875 (6th ed. 1990)).  It "requires proof of (1) a lack of diligence by the party against whom the defense is asserted; and (2) prejudice to the party asserting the defense."  *Id.* (quoting *Costello v. United States*, 365 U.S. 265, 282 (1961)); *see also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226 (3d Cir. 2007) (holding that "in order to successfully assert the defense of laches," "inexcusable delay" and "prejudice" must be shown).  Here, the LLCs were the parties which instituted these suits by filing petitions to challenge the FPAAs issued by the VIBIR.  If anything, the delays to final adjudication of these petitions are attributable to the Ventos' appeals of the decisions on residency and their motions to dismiss on subject matter jurisdiction grounds, among other things.  Moreover, even assuming the VIBIR bears some responsibility for the delay, the LLCs make no showing that they have suffered any prejudice as a result.  The Court therefore finds these proceedings are not barred by laches and the VIBIR may properly now move for the entry of judgment.[10]

---

owners.  *Vento*, 715 F.3d at 479, n. 22 (citing *Historic Boardwalk Hall, LLC v. Comm'r.,* 694 F.3d 425, 429, n.1 (3d Cir. 2012)).

[10] Similarly, the LLCs' claim that the VIBIR's summary judgment motion violates the doctrine of repose is also rejected.  As noted in the LLCs' Memorandum in Opposition to the motion, the doctrine of repose applies when there has been an end to a litigation and its finality should not be disturbed in the absence of exceptional circumstances.  ECF No. 171 at 8 (citing *Greater Boston*

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).  "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a different cause of action involving a party to the first case." *Id.* Collateral estoppel (also known as "issue preclusion") applies to bar re-litigation where four factors coalesce: "(1) the issue sought to be precluded is the same as that involved in a prior action; (2) that issue was actually litigated; (3) it was determined to be a final and valid judgment; and (4) the determination was essential to the prior judgment." *Prosser v. Carroll*, 534 F. App'x 126, 129 (3d Cir. 2013) (quoting *Peloro v. United States*, 488 F.3d 163, 174-175 (3d Cir. 2007)).

The pre-requisites for application of collateral estoppel are clearly present in the instant cases.  The MLD transaction which the LLCs admitted "lack[ed] economic substance" and from which they conceded "the Court should uphold the disallowance of the [resulting] tax benefits" in the IRS case is the *same* MLD transaction at issue here.  Case No. 06-cv-0012, ECF 155, (Pet'r's Resp. to U.S. Mot. for Part. Summ. J., ¶ 1).  On the basis of this concession, this Court granted the IRS's motion, entered final judgment as a matter of law on the MLD transactions and sustained in full the determinations made in the FPAAs issued by the IRS to V.I. Derivatives, LLC and VIFX, LLC, except as to the penalties which the IRS agreed it would not pursue.  Case No. 06-cv-0012,

---

*Television Corp. v. FCC*, 463 F.3d 268, 278 (D.C. Cir. 1971)).  As noted previously, the VIBIR's claims concerning the taxes due and owing to it from the surviving Vento-controlled LLCs have not been finally adjudicated.  The doctrine of repose has no application here.

ECF 158 (Order of 12/13/2011), ECF 162 (Judgment of 1/9/2012). Thus, the issues were adjudicated to a final and valid judgment and were essential to the Judgment entered in Case No. 06-0012. The LLCs are properly collaterally estopped from relitigating the legality of the MLD transaction and the VIBIR's disallowance of the tax benefits which they purported to claim as a result.

As the VIBIR points out, the sole issue remaining for adjudication is the appropriate penalties to be imposed. Although it proposed four alternative penalties under IRC § 6662 in the FPAAs, it moves now for the imposition of only one of those penalties - the 40% penalty on any portion of underpayment of tax attributable to a gross valuation misstatement. VIBIR's Mem. of Law in Supp. of Mot. for Summ. J.,14.[11]

The term "gross valuation misstatement" is defined as arising when "the value of any property (or the adjusted basis of any property) claimed on any return of tax imposed by chapter 1 [26 U.S.C. § 1, et. seq.] is 200 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis (as the case may be) …" 26 U.S.C. § 6662(e), (h)(2) (A)(i).[12] In *United States v. Woods*, 571 U.S. 31 (2013), the Supreme Court held the district court had jurisdiction to determine the applicability of the gross valuation misstatement penalty on taxpayers in a partner-level proceeding where the partnerships of which the taxpayers claimed to be members

---

[11]   This is in lieu of pursuing the three separate 20% penalties on (1) any portion of the underpayment attributable to negligence or disregard of rules and regulations, (2) any portion of the underpayment attributable to the substantial understatement of income tax, and/or (3) on any portion of the underpayment attributable to a substantial valuation misstatement. VIBIR's Mem. of Law in Supp. of Mot. for Summ. J., 14.

[12]   The VIBIR notes that for the 2001 tax year, however the threshold for the gross valuation misstatement penalty was higher at 400% or more of the amount determined to be the correct amount of the valuation or adjusted basis. VIBIR Mem. of Law in Sup. of Mot. for Summ. J., 14-15.

were found to be shams lacking economic substance. *Id.* at 41.  Once such a determination is made, "each partner remains free to raise, in subsequent partner-level proceedings, any reasons why the penalty may not be imposed on him specifically." *Id.*

The VIBIR states that "[t]he only defense raised by the Ventos against the gross valuation misstatement penalty is the reasonable cause and good faith defense."  VIBIR Mem. of Law in Sup. of Mot. for Summ. J., 16; VIBIR Statement ¶ 120.  It then goes on to argue why this defense fails in this case.  In opposing the VIBIR's summary judgment motion, however, the LLCs make no such argument to this Court and, in fact, do not challenge any of the VIBIR's claims with regard to the applicability of the 40% gross valuation misstatement penalty.  Rather, as noted, the only arguments advanced by the LLCs in opposition to this motion are the finality and doctrine of repose/laches arguments dispensed with previously.  The Court therefore concludes they have abandoned the reasonable cause and good faith defense.  *See, e.g., United States v. Smith*, 2013 U.S. Dist. LEXIS 121721 at  22 (D.V.I. Aug. 27, 2013) ("to merit consideration by a court, parties are required to state their arguments squarely and distinctly or such arguments will be deemed waived") (citing *Wolf v. Scobie*, 28 F. App'x 545, 547 (7th Cir. 2002) and *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).  Summary judgment is properly granted here.

An appropriate Order follows.


BY THE COURT:


/s/ Juan R. Sánchez
_____
Juan R. Sánchez,      J.

12

13