IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| V.I. DERIVATIVES, LLC, BY VIFX, LLC, Its TAX MATTERS PARTNER, by RICHARD G. VENTO, its TAX MATTERS PARTNER | : : : : : | CIVIL ACTION<br><br>NO. 06-04 |
| v. | : : | |
| DIRECTOR, VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE | : : | |
| VIFX, LLC, by RICHARD G. VENTO, its TAX MATTERS PARTNER | : : : | CIVIL ACTION |
| v. | : : | NO. 06-05 |
| DIRECTOR, VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE | : : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                          **March 6, 2024**

      Plaintiffs V.I. Derivatives, LLC and VIFX, LLC move for summary judgment in the above-captioned cases, arguing this Court lacked subject matter jurisdiction to confirm the Notices of Final Partnership Administrative Adjustment (FPAAs) issued to them by the Virgin Islands Bureau of Internal Revenue (VIBIR) in 2005 because the regulations under which the FPAAs were issued were promulgated invalidly under the Administrative Procedure Act. As subject matter jurisdiction has previously been found to be proper, the motions for summary judgment shall be denied pursuant to the doctrines of res judicata and collateral estoppel.

1

**CASE HISTORY**[1]

The plaintiffs are entities belonging to and affiliated with the Vento family,[2] whose members realized some $180 million in capital gains from the January 2001 sale of Objective Systems Integrators, Inc. (OSI), a technology company co-founded by Richard Vento. The plaintiff entities were formed for the purpose of pursuing a "market linked deposit" (MLD) tax strategy to enable the Ventos to avoid paying capital gains taxes on the proceeds from the OSI sale. To execute an MLD (also known as a "Son of Boss" transaction), a purchased (long) option is contributed to a partnership and the partnership assumes a separate written (short) option incurred by the taxpayer. The taxpayer then claims that the basis in the taxpayer's partnership interest is increased by the cost of the purchased call option but is not reduced under Internal Revenue Code (IRC) § 752 for the assumption of the obligation under the written call option. This enables the taxpayer to claim a loss on the disposition of the partnership interest even though the taxpayer has incurred no corresponding economic loss. The tax theory behind an MLD transaction is that because the long position creates basis in the entity and the short position arguably does not reduce basis in the entity, the artificially inflated basis can be used to generate loss, or offset gain, to reduce taxable income.[3] In addition to engaging in an MLD transaction, the Vento family sought

---

[1] Because the facts recited in this case history have been summarized on several prior occasions with citations to the record, the Court sees no need to repeat those record citations here. Attention is instead directed to pages 2 through 5 of the Court's September 29, 2022 Memorandum in these cases, from which nearly all of the facts set forth in this Memorandum have been taken. Case No. 06-cv-04, ECF No. 185; Case No. 06-cv-05, ECF No. 179. Record citations are provided where they do not appear in earlier Memorandums.

[2] The Vento family consists of Richard Vento, his wife Lana Vento, and their three daughters, Gail, Nicole and Renee.

[3] To implement the MLD transaction in this case, it was first necessary to create a separate entity to hold the long and short MLD positions. V.I. Derivatives was formed as a limited liability company under the laws of the U.S. Virgin Islands on August 13, 2001 for this purpose. VIFX,

to establish residency in the Virgin Islands to further reduce their tax liability. To accomplish this objective, Richard and Lana Vento purchased a large residential property on St. Thomas, known as "Estate Frydendahl" in August 2001.

In 2005, both the VIBIR and the U.S. Internal Revenue Service (IRS) issued Notices of Deficiency (also known as FPAAs) to Plaintiffs in which both taxing authorities disallowed the MLD transaction and proposed several alternative penalties under IRC § 6662.[4] Upon receipt of these notices, the Plaintiffs (as well as the Ventos) filed petitions challenging the FPAAs and disputing the VIBIR's and IRS's claims that they owed taxes. After allowing the IRS to intervene in these cases[5] for the sole purpose of holding a single bench trial on the appropriate residency of the underlying partners in the respective partnerships, the cases were consolidated,[6] and in June 2010, this Court held a bench trial limited to the threshold issue of whether the Ventos were bona

---

LLC was formed as a Virgin Islands LLC the same day. Then, on August 24, 2001, following contribution by the Vento family LLCs of their "Class A" units in V.I. Derivatives, VIFX, LLC became the owner of 99% of V.I. Derivatives. VIFX was designated the Tax Matters Partner for V.I. Derivatives and Richard Vento was named the Tax Matters Partner of VIFX. In 2002, the five U.S.-based Vento family LLCs were merged into VIFX, LLC. On October 15, 2002, V.I. Derivatives, LLC and VIFX, LLC filed Form 1065 Partnership Tax Returns with the VIBIR for the 2001 tax year. The items of gain and loss shown on the returns filed by the LLCs were passed through to their partners, the Vento family members. Hence, the net result of the MLD transaction was that the Vento family members created a paper loss which they used to offset their gains from the sale of OSI stock. However, apparently unbeknownst to the Ventos, nearly one year before they entered into their MLD transaction, the Internal Revenue Service published Notice 2000-44, entitled "Tax Avoidance Using Artificially High Basis," declaring losses from transactions known as "Son of BOSS tax shelters" would be disallowed.

[4] Under a statutory scheme known as the "mirror code," the Internal Revenue Code is applied to the Virgin Islands merely by substituting "Virgin Islands" for "United States" throughout. *See* 48 U.S.C. § 1397.

[5] The IRS (not the VIBIR) was the named defendant in Case Nos. 06-cv-12, 06-cv-13 and 09-cv-03.

[6] Case No. 06-cv-05, ECF No. 47.

fide Virgin Islands residents for the 2001 tax year. On February 18, 2011, this Court entered Judgment finding none of them were. Case No. 06-cv-04, ECF No. 110; Case No. 06-cv-05, ECF No. 108; *V.I. Derivatives, LLC v. United States*, 2011 U.S. Dist. LEXIS 16795 (E.D. Pa. Feb. 18, 2011). The Ventos and the VIBIR appealed to the Third Circuit, which affirmed in part and reversed in part, finding Richard and Lana Vento were bona fide residents of the Virgin Islands, but Nicole, Gail, and Renee were not. *Vento v. V.I. Bureau of Internal Revenue,* 715 F.3d 455 (3d Cir. 2013).

While the appeal from the residency decision was pending,[7] the IRS moved for partial summary judgment on the merits of the MLD transaction. Case No. 06-cv-12, ECF No. 151. The Plaintiffs agreed that the MLD transactions lacked "economic substance" and "the Court should uphold the disallowance of the tax benefits resulting from the transactions," and the Court granted the motion and entered judgment "sustain[ing] in full" the IRS's FPAAs "except as to the penalties." Case No. 06-cv-12, ECF Nos. 155, 161, 162.

Following affirmance of the decision denying the motion for discovery and an evidentiary hearing, the Court ordered the parties to submit statements "regarding any necessary proceedings on remand" and a proposed schedule for any such proceedings. Case No. 06-cv-04, ECF No. 139;

---

[7] Plaintiffs also learned at this time that the lead attorney for the IRS had mistakenly allowed his state bar membership to become inactive and he was therefore not actually authorized to practice law during the pendency of these cases. Although the attorney promptly brought himself back into compliance upon discovering his administrative oversight (failing to pay dues), Plaintiffs moved for discovery and an evidentiary hearing, asserting lead counsel's failure to maintain active status rendered the United States' actions to pursue the cases against them "null and void, and without legal effect." *See* Case No. 06-cv-04, ECF No. 125; Case No. 06-cv-05, ECF No. 132. On December 12, 2012, the Court denied the motion and Plaintiffs appealed. Case No. 06-cv-04, ECF No. 128; Case No. 06-cv-05, ECF No. 135. In a short, non-precedential opinion, the Third Circuit affirmed, holding this Court "properly foreclosed Appellants' frivolous request for a fishing expedition that promised to be an utter waste of judicial resources." *V.I. Derivatives, LLC v. Dir. of V.I. Bureau of Internal Revenue*, 561 F. App'x 193, 195 (3d Cir. 2014).

Case No. 06-cv-05, ECF No. 146. In their statements, Plaintiffs maintained further proceedings were necessary to determine "partnership items of income, status of entity as partnership," and "applicability of civil tax penalties," and asked the Court to place the cases on its trial schedule. Case No. 06-cv-04, ECF No. 141; Case No. 06-cv-05, ECF No. 148. Before the Court could list these matters for trial, however, Plaintiffs moved, on June 23, 2014, to dismiss these cases for lack of jurisdiction. Case No. 06-cv-04, ECF No. 145; Case No. 06-cv-05, ECF No. 154. In those motions, Plaintiffs asserted because the temporary TEFRA regulation for examination of entities treated as shams[8] under which the VIBIR issued the FPAAs is invalid under the Administrative Procedure Act, the FPAAs are also invalid and this Court lacks jurisdiction. *Id*. Finding the doctrine of res judicata barred dismissal for lack of subject matter jurisdiction, this Court denied the motion. Case No. 06-cv-04, ECF No. 153; Case No. 06-cv-05, ECF No. 159.

Plaintiffs did not appeal[9] and there was no further activity in these cases until May 25, 2021, when the VIBIR moved for summary judgment confirming its disallowance in the FPAAs of the MLD transaction, and sustaining the penalties it assessed under IRC § 6662. Case No. 06-cv-04, ECF No. 163; Case No. 06-cv-05, ECF No. 161. On September 30, 2022, this Court granted the motions, sustained the VIBIR's determinations in the FPAAs, and entered final judgment in favor of the VIBIR on the merits of the MLD transaction and the penalties imposed. ECF Nos. 185, 186; Case No. 06-cv-05, ECF Nos. 179, 180. Plaintiffs appealed but the Third Circuit

---

[8] As noted in footnote 1 to Plaintiffs' Motion to Dismiss, "[t]hese provisions are sometimes referred to as the 'TEFRA' procedures because they were, generally, enacted by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248 (Sept. 3, 1982)."

[9] An appeal was filed only in the IRS cases: Nos. 06-cv-12 and 06-cv-13. On October 21, 2016, the Third Circuit affirmed, finding that "final judgments on the merits, to which the res judicata defense could attach, existed in the federal proceedings once the time to appeal the Vento residency decision expired, at the very latest." *VI Derivatives LLC v. United States*, 671 F. App'x 839, 842 (3d Cir. 2016).

affirmed this decision as well. *V.I. Derivatives, LLC v. Director, V.I. Bureau of Internal Revenue*, 2023 U.S. App. LEXIS 15647 (3d Cir. Jun. 22, 2023). On September 20, 2023, Plaintiffs filed the instant motions for summary judgment in which they again claim entitlement to judgment in their favor because subject matter jurisdiction is lacking.

**LEGAL STANDARDS**

Any party may move for the entry of summary judgment under Federal Rule of Civil Procedure 56(a), and the motion shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020). An issue of fact is material and genuine if it "affects the outcome of the suit under the governing law and could lead a reasonable jury to return a verdict in favor of the nonmoving party." *Willis v. UPMC Children's Hospital of Pittsburgh,* 808 F.3d 638, 643 (3d Cir. 2015).

In considering a motion for summary judgment, the reviewing court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Burton v. Teleflex, Inc.*, 707 F.3d 417, 425 (3d Cir. 2013); *Roth v. Norfalco, LLC,* 651 F.3d 367, 373 (3d Cir. 2011). Reviewing the record in its entirety, the Court is to draw all reasonable inferences in favor of the non-movant, but may not weigh the evidence or make any credibility determinations. *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016).

**DISCUSSION**

As is apparent from the case history outlined above, the instant motions are the latest in a decades-long series of efforts by Plaintiffs to avoid paying the taxes they owe to the VIBIR. Plaintiffs claim entitlement to judgment in their favor because the temporary regulations issued by the U.S. Department of Treasury in 1987 applying TEFRA to "sham" partnerships were issued in

violation of the Administrative Procedure Act, 5 U.S.C. §§ 551 and 701, *et. seq.*, which rendered the FPAAs issued under the regulations invalid as well.  Thus, because the Court's jurisdiction to hear this case requires a valid FPAA, it lacks jurisdiction to confirm the VIBIR's adjustments. Mem. Supp. Pet'r's. Mot. Summ. J. 2, Case No. 06-cv-04, ECF No. 192; Case No. 06-cv-05, ECF No. 186.  In response, the VIBIR asserts the matter of the Court's subject matter jurisdiction is res judicata as it has already been decided and final judgment entered.

Res judicata, also known as claim preclusion, generally operates to bar a party from initiating a second action against the same adversary based on the same claims asserted in the first action. *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2014) (citation omitted).  To invoke res judicata, three elements must be established: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) the same cause of action. *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 120 (3d Cir. 2014). The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *Id.* Issue preclusion, or "[c]ollateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery v. Shore*, 439 U.S. 322, 326 (1979).  The elements for collateral estoppel are satisfied upon a showing that: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *Karns v. Shanahan*, 879 F.3d 504, 514, n.3 (3d Cir. 2018) (quoting *AMTRAK v. Pa. PUC*, 342 F.3d 242, 252 (3d Cir. 2003)).  Additionally, under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musaccio v. United*

7

*States*, 577 U.S. 237, 245 (2016) (internal citations omitted).  The doctrine expresses the practice of courts generally to refuse to reopen what has been previously decided. *Id.*

Plaintiffs' argument in support of summary judgment is **identical** to the argument they made in support of their motion to dismiss these cases in 2014.  The Court denied those earlier motions on the ground of res judicata, holding that because subject matter jurisdiction was never raised before the entry of the Third Circuit's final judgment on the merits of the consolidated cases, any collateral attacks based on lack of subject matter jurisdiction were barred in subsequent proceedings.  Case No. 06-cv-04, ECF No. 153; Case No. 06-cv-05, ECF No. 159 (citing *inter alia*, *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 219 (3d Cir. 1999)).  Although Plaintiffs appealed that ruling in the IRS cases, they chose not to do so in these cases involving their tax liability to the VIBIR.  The time for filing such an appeal has now long since expired, and in any event, the Third Circuit affirmed this Court's Order in the IRS matters, *VI Derivatives LLC v. United States*, 671 F. App'x 839, 842 (3d Cir. Oct. 21, 2016).  There is no reason to think it would have decided the issue any differently in these cases.  As the matter of subject matter jurisdiction has already been fully and finally adjudicated as between these parties in this action,[10] the law of the case has been clearly established and Plaintiffs are further unquestionably barred under the doctrines of res judicata and collateral estoppel from raising jurisdiction again.  Plaintiffs' motion for summary judgment is denied.

An appropriate Order follows.

---

[10]   The Third Circuit's affirmance of the entry of summary judgment in favor of the VIBIR and upholding the VIBIR's determinations in the FPAAs, and entry of final judgment in favor of the VIBIR on the merits of the MLD transaction and the penalties imposed is yet another reason to apply res judicata.  Case No. 06-cv-04, ECF No. 191; Case No. 06-cv-05, ECF No. 185.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,    J.